UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RANDY R. LOGGING, | ) | |
|                Petitioner, | ) | |
| v. | ) | Case No. 2:14-cv-00328-JMS-WGH |
| | ) | |
| CHRIS MORRISON, Director, Duvall Residential Center, | ) ) | |
| | ) | |
|                Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Randy R. Logging for a writ of habeas corpus challenges a prison disciplinary proceeding in XMR 13-12-0002 in which he was found guilty of violating a federal, state or local law. For the reasons explained in this entry, Mr. Logging's habeas petition must be **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On December 3, 2013, the Marion County Superior Court issued an arrest warrant for Mr. Logging, who was subsequently charged with felony stalking and intimidation. On this basis, on December 9, 2013, Jaime Sherls of the Duvall Residential Center wrote a Report of Conduct charging Mr. Logging with disciplinary offense A-100, a violation of law. The conduct report stated the following:

> On 12/6/2013, offender Randy Logging was arrested and charged with Stalking (FC), Stalking (FD), and Intimidation (FD) under cause number 49G03-1311-FC-074146 while at Duvall Residential Center. The defendant violated IDOC policy which prohibits violating any federal, state, or local criminal law which involved an offense against another person.

Dkt. 9-2.

On December 12, 2013, Mr. Logging was notified of the charge when he was served with the Notice of Disciplinary Hearing (Screening Report). He was notified of his rights, pled guilty, waived 24 hours' notice of his hearing, and declined any lay advocate, witnesses or physical evidence. Dkt. 9-3.

The hearing officer conducted a disciplinary hearing the same day, December 12, 2013, and found Mr. Logging guilty. During the hearing, Mr. Logging stated that he "went to bank to get money orders. When he returned to DRC he was arrested for a warrant. Stated he complied with the officers." He also stated that he had been "conduct free at DOC since Sept. 1, 2010." Dkt. 9-4. The hearing officer relied on staff reports and his guilty plea in finding Mr. Logging guilty. The recommended sanctions included a return to the Indiana Department of Correction ("IDOC"), the deprivation of 180 days of earned credit time, and the demotion from credit class 1 to credit class 2.

Seven months later, on July 9, 2014, the trial court found Mr. Logging not guilty of stalking and intimidation. Dkt. 9-1, p. 9.

Mr. Loggins' appeals were untimely but considered and denied. He filed his habeas petition on October 28, 2014.

### III. Analysis

Mr. Logging's claims for habeas relief are that his due process rights were violated when: 1) he received excessive sanctions; and 2) he was found not guilty in the court of law.

Mr. Logging argues that the sanctions were excessive because he never had a prior conduct report in his IDOC history. This claim is based on state law or IDOC regulations, and habeas corpus relief cannot be based upon a violation of such rules or other state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."). This claim is meritless.

His second claim is that because he was later found not guilty of the charges after a trial in Marion Superior Court, he should now be found not guilty of the disciplinary charge because he did not violate any state law. This claim is, in essence, a challenge to the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188

F.3d 784, 786 (7th Cir. 1999). Mr. Logging pled guilty to the charge. This alone constituted sufficient evidence to support the hearing officer's finding of guilty at the time of the hearing.

Mr. Logging was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision. Under these circumstances, there were no violations of Mr. Logging's due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Logging's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

The **clerk shall update the docket** to reflect Mr. Logging's change of address, as reported in the respondent's return, and the change of custodian in the caption.

**IT IS SO ORDERED.**

Date:  December 30, 2015

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Randy R. Logging, #170210, Duvall Residential Center, Inmate Mail/Parcels, 1848 Ludlow Ave., Indianapolis, IN 46201

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**